UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:

MICHAEL RODRIGUEZ, ET AL.

CIVIL ACTION

NO. 16-2241

SECTION "B"(2)

ORDER AND REASONS

Before the Court is Plaintiffs', Michael Rodriguez, Jr. and Shannon Casey Rodriguez, "Emergency Motion for Temporary Restraining Order" (Rec. Doc. 2) and "Emergency Motion for Withdrawal, Abstention and Stay of Proceedings" (Rec. Doc. 1). Plaintiffs' motion for a temporary restraining order is primarily based on their previously filed motion for withdrawal, abstention, and stay of proceedings, warranting discussion of both.

A temporary restraining order ("TRO") and preliminary injunction are extraordinary remedies which should not be granted unless the party seeking it has clearly established four essential requirements:

> (1) a substantial likelihood of success on the merits,
> (2) a substantial threat of irreparable injury if the injunction is not issued,
> (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and
> (4) that the grant of an injunction will not disserve the public interest.

*Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013); *see also Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009). The primary difference between a TRO and a

preliminary injunction is that no notice to the adverse party is necessary when a TRO is issued. *See* Fed. R. Civ. P. 65(a)(1), (b)(1). From the outset, this Court notes that a TRO is not appropriate because Plaintiffs have failed to "certify[y] in writing any efforts made to give notice[.]" Fed. R. Civ. P. 65(b)(1)(B). Nonetheless, the Court concludes that neither a TRO nor preliminary injunction is appropriate because Plaintiffs cannot establish the requisite elements.

First, Plaintiffs cannot establish "a substantial likelihood of success on the merits" as to the motion for withdrawal, abstention, and stay of proceedings. *Sepulvado*, 729 F.3d at 417. The complained of injury in that motion as well as the instant motion – the forced sale of movants' property – has already occurred. A motion for withdrawal of reference or abstention, if granted, serves the purpose of removing all future proceedings in an action from the bankruptcy court – either by withdrawing the proceedings to the district court or remanding the proceedings to a state court. Such avenues of relief cannot afford movants any remedy from a hearing that has already occurred. Likewise, a temporary restraining order cannot prevent past conduct.

Second, Plaintiffs have not set forth "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant[.]" Fed. R. Civ. P. 65(b). As was already stated,

Plaintiffs' complained of injury has already occurred. This alleged injury is not irreparable as movants state they either have claims of fraud or other available relief in damages for the asserted claims. Additionally, Plaintiffs' concerns about appearing at the auction (which was already held) are conclusory and speculative. Finally, the bankruptcy court has already set a hearing to be held over a previously filed similar motion. Movants' assumption that it would be "impracticable" to hold that hearing in bankruptcy court has no legal or factual support. Accordingly,

**IT IS ORDERED** that Plaintiffs' "Emergency Motion for Temporary Restraining Order" and "Emergency Motion for Withdrawal, Abstention and Stay of Proceedings" are hereby **DENIED**.

New Orleans, Louisiana, this 21st day of March, 2016.

UNITED STATES DISTRICT JUDGE